IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARC E. ROSENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 2873 |
| | ) | |
| WERNER CO., a foreign corporation, | ) | |
| a/k/a PENNSYLVANIA WERNER | ) | Magistrate Judge Morton Denlow |
| COMPANY, THE WERNER | ) | |
| LADDER CO., WERNER LADDER | ) | |
| CO., and MENARD, INC., a foreign | ) | |
| corporation, d/b/a MENARDS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marc E. Rosenthal ("Plaintiff"), brought a two-count complaint against the manufacturer and retail seller of a step ladder to recover for injuries suffered after falling off the ladder. Defendant Menard, Inc. ("Defendant" or "Menard"), the alleged retail seller of the ladder, moves for summary judgment, contending it is not liable for Plaintiff's injuries because it never sold nor had anything else to do with the ladder. Because the material fact of whether Menard sold the ladder in question is genuinely in dispute, Menard's motion for summary judgment is denied. Further, Menard is not entitled to be dismissed from suit under the Illinois Distributor Statute, 735 ILCS 5/2-621.

# I. BACKGROUND FACTS

The facts pertinent to this motion are described below. As required when considering a motion for summary judgment, the following facts are undisputed or presented in the light most favorable to the Plaintiff when contested. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

In 2004, Plaintiff was injured when the six-foot fiberglass step ladder he was using buckled, causing him to fall. PR ¶ 1, 2; Compl. ¶ 8.[1] Specifically, the ladder was a Werner Ladder Model No. 5906 ("the ladder"). PR ¶ 2. Plaintiff's friend, Ian Fisher ("Fisher"), purchased the ladder at one of Menard's retail stores in Melrose Park, Illinois in December 2001. PR ¶¶ 3-4. The ladder is marked with Fisher's name as well as a "code stamp" which indicates that the ladder was manufactured in September of 2001 and shipped to a distributor shortly thereafter. Supp. Aff. of Rosenthal ¶ 5; Supp. Aff. of Fisher ¶ 4; DS ¶¶ 10-11.

The other defendant in this action, Werner Co., now known as Old Ladder Co., Inc. ("Old Ladder"), manufactured the ladder. DS ¶¶ 8, 11. Old Ladder filed for Chapter 11 bankruptcy protection in 2006. PR ¶ 5.

In 2006, Plaintiff filed a two count complaint in Illinois state court advancing product

---

[1] Citations to the record are in the following form: Defendant Menard, Inc.'s Statement of Material Facts to Support its Motion for Summary Judgment is abbreviated as "DS"; Plaintiff's LR 56.1 (b)(3)(C) Statement of Facts is abbreviated as "PR"; Defendant's Reply to PR is abbreviated "DR"; Plaintiff's and Defendant's Appendix of Exhibits are abbreviated as "Pl./Def. Ex. __"; the Second Affidavit of James Chapman, attached as Exhibit 1 to Defendant Menard, Inc's Reply Brief in Support of its Motion for Summary Judgment, is abbreviated as "Def. Ex. 1"; the Supplemental Affidavits of Ian Fisher, Marc Rosenthal, and James Chapman are abbreviated "Supp. Aff. of __."

liability and negligence theories against Menard and Old Ladder. Def. Ex. A Count One ¶¶ 1-9, Count Two ¶¶ 1-11; DS ¶¶ 2. The case is before this Court after removal by defendants on diversity grounds. DS ¶¶ 6-7; Def. Ex. B. Plaintiff alleges that Menard and Old Ladder "participated in the design, preparation, manufacturing, advertising, distribution, supplying and/or sale of" the ladder. Def. Ex. A Count One ¶ 5, Count Two ¶ 5.

On this motion, Menard does not dispute that Plaintiff was injured while using the ladder. DR ¶ 1. Rather, it simply argues, contrary to Fisher's sworn affidavit, that it never sold that type of ladder, and thus cannot be held liable under a products liability or negligence theory. To support this contention, it presents affidavits of Edward R. Gericke ("Gericke"), and James Chapman ("Chapman").[2] Def. Ex. D ¶¶ 1-12 and Supp. Aff. of Chapman ¶¶ 1-12. Gericke, the president of Old Ladder, attests that he reviewed sales records and that no Werner Ladder Model No. 5906 ladders were ever sold to Menard. Def. Ex. D ¶¶ 1, 9. Chapman, a Menard employee, attests to have reviewed Menard records and that no Werner Ladder Model No. 5906 ladders were sold at Menard retail stores between 2000 and 2006. Supp. Aff. of Chapman ¶¶ 1-2, 6. Chapman further attests that, had the

---

[2] The affidavits of James Chapman, Ian Fisher, and Marc Rosenthal (Def. Ex. E, Pl. Ex. 1, and Pl. Ex. 2, respectively) initially submitted for this motion by the parties did not conform with Rule 56(e)(1) of the Federal Rules of Civil Procedure because they each attested to be based upon either "belief," "personal knowledge and belief," or "information and belief." Rule 56(e)(1) requires all affidavits be based solely upon personal knowledge. *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000). To ensure the reliability of the affidavits, a minute order was issued on March 25, 2009 instructing the parties to file compliant supplemental affidavits on the day of oral arguments. The parties' complied by filing supplemental affidavits which address the Court's concern.

ladder erroneously arrived at the Menard's store, the check-out system would have prevented a sale of the ladder because its programming does not allow it to sell a product that was not registered in the system. Supp. Aff. of Chapman ¶¶ 7-9. The affidavits of Fisher, Gericke, and Chapman are the only evidence in the record indicating the retail seller of the ladder.

## II. LEGAL STANDARD

A court may grant summary judgment when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movant bears the burden of establishing that there exists no genuine issue of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986); *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). The party bearing the burden of proof on any issue at trial may not rest on the pleadings, but must "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002). The evidence is viewed in the light most favorable to the non-movant and "all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Summary judgment is inappropriate when alternate

inferences can be drawn from the evidence because the choice between reasonable inferences from facts is a jury function. *Id.*; *Spiegla v. Hall*, 371 F.3d 928, 935 (7th Cir. 2004).

"[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Foundation*, 497 U.S. 871, 888 (1990). Accordingly, when affidavits submitted by the parties provide different versions of the facts, and those affidavits disagree ("dueling affidavits"), the Court will accept the non-movant's version of the facts on summary judgment so long as his affidavits comply with Rule 56(e) and are not "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Lujan*, 497 U.S. at 888; *Chelios v. Heavener*, 520 F.3d 678, 688 (7th Cir. 2008); *Payne v. Pauley*, 337 F.3d 767, 772-73 (7th Cir. 2003). On summary judgment, the Court is not empowered to "resolve swearing contests between the litigants," as issues of credibility are reserved for jury determination. *Chelios*, 520 F.3d at 688 (quoting *Payne*, 337 F.3d at 770).

### III. DISCUSSION

Menard moves for summary judgment, contending that the affidavits of Gericke and Chapman, which attest that Menard never traded in nor sold the ladder at issue, eliminate any genuine issue of material fact as to whether it sold the ladder to Fisher as alleged. Menard's motion also references Illinois' "distributor liability" statute, which requires dismissal of Illinois product liability claims against non-manufacturing defendants under specified circumstances. *See* 735 ILCS 5/2-621.

5

### A. Whether the Product at Issue was Purchased at Defendant Menard's Store Remains a Genuine Issue of Material Fact.

Menard contends there is no genuine issue of material fact that it never sold the ladder to Fisher. The Court disagrees. Fisher's affidavit attests that the ladder was in fact bought at one of Menard's stores. Supp. Aff. of Fisher ¶ 6-7. Thus, there remains a genuine issue as to the ladder's point of purchase, and summary judgment is inappropriate.

Both counts in the complaint, sounding in strict product liability and negligence, arise under state tort law. A court sitting in diversity applies the substantive law of the state in which it resides. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938); *River East Plaza, LLC v. Variable Annuity Life Ins. Co.*, 498 F.3d 718, 720-721 (2007). The Court will therefore apply the substantive tort law of Illinois.

Whether the ladder was purchased at Menard's store is a material fact to both the strict product liability and negligence counts. Menard can only be liable under a strict liability theory if Plaintiff can show Menard was an "entit[y] in the distributive chain of [the] allegedly defective product." *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 574 (Ill. App. 2008). This category includes retail sellers. *Welge v. Planters Lifesavers Co.*, 17 F.3d 209, 212 (7th Cir. 1994) (discussing the strict liability element in Illinois product liability law, explaining that a seller is "liable for defects in his product even if those defects were introduced, without the slightest fault of his own for failing to discover them, at some anterior stage of production."); *Crowe v. Public Bldg. Commission of Chicago*, 383 N.E.2d 951, 952 (Ill. 1978) (explaining that retailer sellers have been proper defendants in products

liability actions "ever since Illinois law first embraced the principles of strict liability," because those sellers are in a position to prevent the defective product from entering the market and are generally "better able to bear and distribute any loss resulting from injury caused by a defective product."). Likewise, to be liable to Plaintiff for negligence, Menard must have owed a duty to Plaintiff; if Menard has nothing to do with the ladder, it could not have been the cause of Plaintiff's injuries. *Richardson v. Bond Drug Co. of Ill.*, 901 N.E.2d 973, 976 (Ill. App. 2009) ("[t]o recover damages based on negligence, plaintiff must allege and prove that defendant owed a duty to plaintiff, that defendant breached that duty, and that the breach was a proximate cause of plaintiff's injuries.").

Menard argues that the Fisher affidavit, taken with the affidavits from Menard and Old Ladder employees, is insufficient to create a genuine issue of material fact because Fisher's affidavit is not based on "objective evidence." Def., Menard, Inc.'s Reply to PR at 2. However, it is well established that, in order to to demonstrate the existence of a material issue of fact on summary judgment, an affidavit need only meet "the usual requirements for evidence presented on summary judgment– including... that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial." *Payne*, 337 F.3d at 773; Fed. R. Civ. P. 56(e). Fisher's affidavit, which states that in December 2001 he walked into a Menard's store and bought the ladder at issue, is founded upon Fisher's personal knowledge. Supp. Aff. of Fisher ¶¶ 2, 5-7. It also states the specific fact needed to oppose Menard's contention here, namely, that the ladder was purchased at

one of Menard's stores. *Id.* at ¶ 7. Thus, on the sole issue of whether the ladder was purchased at Menard's store, Fisher's affidavit is enough to create a genuine issue of material fact. *See Lujan* 497 U.S. at 888 ("[t]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.")

Menard admits that the issue of whether the ladder was purchased at its store is disputed. Yet, Menard asks the Court to look past Fisher's averments in light of the affidavits from one Menard and one Old Ladder employee which state that business records show the ladder could not have come from Menard's. Def. Ex. D ¶ 10; Supp. Aff. of Chapman ¶¶ 6-10. These affidavits, Menard argues, rebut Fisher's affidavit so conclusively as to render Fisher's wholly unbelievable.

However, to accept Menard's argument would require the Court to discredit Fisher's affidavit, which is evidence favorable to the nonmovant, and credit the affidavits of Gericke and Chapman, which are favorable to the non-movant. Even if the Court were so inclined, to do so would be antithetical to the summary judgment analysis. In a similar case of "he said, she said," the Seventh Circuit made clear that the nonmovant's story should be believed on summary judgment, even where objective evidence contradicted that story. *Payne*, 337 F.3d at 771. *Payne* involved an excessive force claim brought by an arrestee against her arresting officer. *Id.* at 769-70. During her deposition, the plaintiff made "fairly outrageous accusations," some of which she actually recanted and others of which were clearly

8

contradicted by police dispatch records. *Id.* at 771. However, "[the plaintiff's] claims were not so incredible or implausible that a reasonable jury could not find in her favor." *Id.* at 773. The defendant moved for summary judgment, arguing, as Menard does here, that although there were "clearly two stories" in the case, the defendant's version should be accepted unless the plaintiff could "come forward with more persuasive evidence to support her claim." *Id.* at 770-71.

The court characterized this argument as "unusual" in light of the Rule 56 requirement that all reasonable inferences be drawn in favor of the nonmovant. *Id.* The court went on: "[the officer's argument] is leading us into dangerous territory, and we have warned before of falling for the trap of weighing conflicting evidence during a summary judgment proceeding." *Id.* at 771. Summary judgment was inappropriate, the court held, for the basic reason that "issues of credibility cannot be resolved at the summary judgment stage." *Id.* at 773. To survive summary judgment, the plaintiff does not have to meet the defendant "affidavit for affidavit, nor must she 'persuade the court that her case is convincing[;] she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact.'" *Id.* at 771 (quoting *Woldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

9

Here, Menard's motion for summary judgment relies solely upon its assertion that the ladder was not purchased at its store. However, as in *Payne*, Plaintiff offers a different story. In the absence of a record that "blatantly contradicts" Plaintiff's version of events such that taking Plaintiff's account as true would require the Court to rely on a "visible fiction," Plaintiff's version must be adopted for the purposes of summary judgment. *Scott*, 550 U.S. at 380. Thus, there is a genuine issue of material fact as to whether the ladder was purchased at one of Menard's stores and therefore, Menard's motion for summary judgment must be denied.

**B.     There is no genuine issue that Menard did not participate in the design, manufacture, assembly, or testing of the ladder.**

Having found there exists a genuine issue of material fact as to whether Menard sold the ladder, the Court must now "to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d)(1). The Court finds there is no genuine issue that Menard did not participate in the design, manufacture, assembly, or testing of the ladder.

Plaintiff's complaint alleges Menard participated in the "design, preparation, manufacturing, advertising, distribution, supplying, and/or sale of" the ladder. Def. Ex. A Count One ¶ 5, Count Two ¶ 5. In its motion, Menard alleges that it did not have anything to do with the ladder. The Gericke and Chapman affidavits support this contention. Def. Ex. D ¶ 12; Supp. Aff. of Chapman ¶¶ 6-11. Gericke, the President of Old Ladder, attests that Old Ladder "exclusively designed, manufactured, assembled, and tested [the ladder], without

any input from Menard." Def. Ex. D ¶ 1, 12. Chapman, a Menard employee, attests "[Menard] had no role whatsoever in the design, manufacture, assembly or testing" of the ladder. Supp. Aff. of Chapman ¶ 11.

Plaintiff disputes the fact that Menard had no role beyond selling the ladder at retail. However, Plaintiff relies solely on its allegations to this effect, and has not produced any evidence tending to show that Menard did anything other than act as the retail seller of the ladder. Thus, while there remains an issue of material fact as to whether Menard sold the ladder, there is no genuine dispute that Menard's participation as an "entit[y] in the distributive chain of [the] allegedly defective product" went beyond merely selling the ladder. *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 574 (Ill. App. 2008). This fact may be relevant for the purposes of ruling on Menard's argument, discussed *infra*, that it is entitled to dismissal under 735 ILCS 5/2-621 as a non-manufacturing defendant.

### C. Dismissal of Menard Under the Illinois' Distributor Statute Cannot be Granted at this Time.

There is some discussion in the briefs regarding Illinois' so-called "Distributor Statute," 735 ILCS 5/2-621. Section 2-621 provides a procedural mechanism by which non-manufacturing defendants may obtain dismissal of products liability claims while the plaintiff seeks recovery from the manufacturer. Though part of the Illinois Code of Civil Procedure, Section 2-621 does apply as substantive law in federal court because it is outcome-determinative. *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659 (N.D. Ill. 2005). However, for the reasons that follow, the Court finds that the issue of whether section 2-621

11

might entitle Menard to dismissal for this claim is not ripe for decision at this time.

At the outset, the Court notes that section 2-621 applies only as it read before 1995 amendments, which were found unconstitutional *in toto* by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (Ill. 1997); *Caterpillar*, 393 F. Supp. 2d. at 685. Among other differences, the pre-1995 version of section 2-621 applies only to claims based on "strict liability in tort." 735 ILCS 5/2-621(a). Thus, whatever Menard may be entitled to under section 2-621 would not apply to the negligence count. *See, Link by Link v. Venture Stores, Inc.*, 677 N.E.2d 486, 488 (Ill. App. 1997); *see also LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1047 (S.D. Ill. 2006) (negligence claims are "outside the scope of" section 2-621); *Caterpillar*, 393 F. Supp. 2d at 685 (discussing section 2-621 post-*Best v. Taylor Machine Works*, and, in light of this, cases which found negligence to be covered by section 2-621 before that decision are now of "questionable precedential value").

Section 2-621(a) requires a strict product liability defendant who is not the manufacturer of the product at issue, "upon answering or otherwise pleading," to "file an affidavit certifying the correct identity of the manufacturer." 735 ILCS 5/2-621(a). The plaintiff must then exercise due diligence in bringing suit against the manufacturer. 735 ILCS 5/2-621(b). Once the manufacturer is sued, the non-manufacturing defendant must be dismissed unless the plaintiff can show that one of the exceptions listed under section 2-621(c) applies. 735 ILCS 5/2-621(b); *Murphy*, 887 N.E.2d at 573. These exceptions generally cover situations where the non-manufacturing defendant had some fault in creating,

or actual knowledge of, the defect which caused the alleged injury. *See* 735 ILCS 5/2-621(c). Additionally, where "an action against the product manufacturer would be impossible or unavailing," the plaintiff can have the non-manufacturing defendant reinstated upon a showing that one of the circumstances listed in section 2-621(b)(1)-(5) is present. 735 ILCS 5/2-621(b); *Murphy* 887 N.E.2d at 573; *see also Thomas*, 537 N.E.2d at 1378 (explaining that, by permitting reinstatement of non-manufacturing defendants where recovery against the manufacturer is not available, "[s]ection 2-621... ensures that the burden of loss due to a defective or dangerous product remains on those who placed the product in the stream of commerce."). Section 2-621(b)(3) permits a non-manufacturing defendant to be reinstated when the plaintiff can show "[t]hat the manufacturer no longer exists," and section 2-621(b)(4) allows reinstatement on a showing by the plaintiff "[t]hat the manufacturer is unable to satisfy any judgment as determined by the court."

It is unclear as to whether the exceptions cited by Plaintiff relating to Old Ladder's financial condition might apply here. Old Ladder has been in bankruptcy since 2006. PR ¶ 5. It is not certain that Old Ladder will ever emerge from bankruptcy. This leads Plaintiff to argue that he may proceed against Menard pursuant to section 2-621(b). Section 2-621(b)(3) applies if the manufacturer of the product no longer exists, and section 2-621(b)(4) applies if the manufacturer is judgment-proof. With the bankruptcy currently proceeding, and the outcome uncertain, it is again too early to know whether these exceptions to dismissal might apply. *Marusic Liqours*, 55 F.3d at 260 ("[a] claim is unripe when critical elements

are contingent or unknown."); *Texas Independent Producers and Royalty Owners Ass'n v. E.P.A.*, 435 F.3d 758, 766 (7th Cir. 2006) (ripeness considerations include whether "the court would benefit from further factual development"); *see also Texas v. U.S.*, 523 U.S. 296, 300 (1998) ([a] claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all"); *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733, 736 (1998) (finding case not ripe for decision in part because relevant circumstances were still unfolding, and the courts would benefit from further factual development of the issues.).

The facts necessary to decide whether the various exceptions to dismissal listed in section 2-621(b) and (c) have not been fully developed. A decision regarding section 2-621 dismissal would thus be premature. Accordingly, Menard will not be granted dismissal under section 2-621 at this time.

## IV. CONCLUSION

Notwithstanding Menard's evidence to the contrary, Plaintiff has brought forth sufficient evidence to survive summary judgment on the issue of whether Menard sold the ladder. As a result, summary judgment on that issue must be denied. However, there is no genuine issue of material fact that Menard did not participate in the design, manufacture, assemble, or test the subject ladder. Finally, Menard is not entitled to dismissal under section 2-621 at this time because the facts needed to make the necessary determinations remain unknown or are still developing.

For the reasons set forth in this opinion, the Court denies Menard's motion for summary judgment. Menard's request for dismissal under 735 ILCS 5/2-621 is also denied, without prejudice.

SO ORDERED THIS 13th DAY of APRIL, 2009

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies sent to:**

| | |
|---|---|
| Paul G. O'Toole<br>Reibman, Hoffman, Baum,<br>Hirsch & O'Toole, Ltd.<br>20 N. Clark St., Ste. 1700<br>Chicago, IL 60602 | Stephen S. Weiss<br>Tribler, Orpett & Meyer, P.C.<br>225 W. Washington, Ste. 1300<br>Chicago, IL 60606 |
| Counsel for Plaintiff | Counsel for Defendant |